# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

—————

No. 19-10514

—————

United States Court of Appeals
Fifth Circuit

**FILED**

February 27, 2020

Lyle W. Cayce
Clerk

BAILEY TOOL & MANUFACTURING COMPANY,

Debtor

HAYWARD & ASSOCIATES P.L.L.C.,

Appellant

v.

COMERICA BANK,

Appellee

---------------------------------------------------

HUNT HINGES, INCORPORATED

Debtor

HAYWARD & ASSOCIATES P.L.L.C.,

Appellant

v.

COMERICA BANK,

Appellee

---------------------------------------------------

CARAFELLI METALS, INCORPORATED,

Debtor

No. 19-10514

HAYWARD & ASSOCIATES P.L.L.C.,

        Appellant

v.

COMERICA BANK,

        Appellee

------------------------------------------------

BAILEY SHELTER, L.P.,

        Debtor

HAYWARD & ASSOCIATES P.L.L.C.,

        Appellant

v.

COMERICA BANK,

        Appellee

--------------------

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:17-CV-2857
USDC No. 3:17-CV-2870
USDC No. 3:17-CV-2872
USDC No. 3:17-CV-2873

--------------------

Before KING, COSTA, and HO, Circuit Judges.

PER CURIAM:*

---

   \* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Hayward & Associates, P.L.L.C. ("H&A") provided bankruptcy-related legal services to four interrelated entities—Bailey Tool & Manufacturing Co., Hunt Hinges, Inc., Cafarelli Metals, Inc., and Bailey Shelter, L.P. Throughout the jointly administered proceedings, H&A worked to advance all four bankruptcies. H&A also performed additional bankruptcy-related work, including securing debtor-in-possession financing and initiating adversary proceedings, for the three operating debtors—Bailey Tool, Hunt Hinges, and Cafarelli Metals. Bailey Shelter was not party to either the financing transactions or the adversary proceedings.

After nearly a year of joint administration under chapter 11, the bankruptcy court converted all four bankruptcy proceedings to chapter 7, dissolved joint administration, and appointed a chapter 7 trustee. At the chapter 7 trustee's request, the bankruptcy court imposed a deadline for parties-in-interest to file chapter 11 administrative-expense claims. H&A timely filed a fee application in each of the four bankruptcy proceedings. Comerica Bank—the primary creditor of the operating debtors and the holder of an unsecured guaranty from Bailey Shelter—filed a limited objection to the fee application. After an evidentiary hearing, the bankruptcy court awarded H&A $346,042.50 in fees and $24,594.22 in expenses. The award reflected all of H&A's requested fees and expenses except for $6,712.50 in fees incurred preparing the fee application after the bankruptcy proceedings were converted to chapter 7. Additionally, the bankruptcy court found Bailey Shelter not responsible for bankruptcy services not performed for it. Thus, the court held Bailey Shelter liable for only $41,529.99, or approximately 12%, of the awarded fees and $6,148.55, or approximately 25%, of the awarded expenses. The three operating debtors were held equally liable for the remainder of the fees and expenses. The district court affirmed the award.

No. 19-10514

H&A contends that the bankruptcy court erred in three respects: (1) the court did not hold the debtors jointly and severally liable for H&A's fees and expenses; (2) the court determined certain portions of H&A's legal services were not "likely to benefit" Bailey Shelter; and (3) the court did not award H&A fees for preparing the fee application after the chapter 11 bankruptcy proceedings were converted to chapter 7 proceedings.

We have reviewed the briefs, the applicable law, and relevant parts of the record, and we have heard oral argument. Neither the district court nor the bankruptcy court committed reversible error. The judgment is affirmed, essentially on the basis explained by the bankruptcy court in its August 30, 2017 Order.